**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RONALD SAUR,**

        **Petitioner,**

        **v.**

**NORMAN ROBINSON, WARDEN,
CHILLICOTHE CORRECTIONAL
INSTITUTION,**

        **Respondent.**

        **CASE NO. 2:13-CV-0903
JUDGE JAMES L. GRAHAM
MAGISTRATE JUDGE ABEL**

**REPORT AND RECOMMENDATION**

Petitioner Ronald Saur, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254.  This matter is before the Magistrate Judge on the petition, respondent's *Return of Writ,* and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Defendant-appellant, Ronald L. Saur ("defendant"), has filed a pro se application, pursuant to App.R. 26(B), seeking to reopen his appeal resolved in this court's decision in *State v. Saur,* 10th Dist. No. 10AP–1195, 2011–Ohio–6662. Plaintiff-appellee, the State of Ohio ("State"), filed a memorandum in opposition to defendant's application. Because defendant's application fails to present a genuine issue that he was deprived of the effective assistance of appellate counsel, we deny his application to reopen.
>
> On March 26, 2010, defendant was indicted on charges of kidnapping, felonious assault, and domestic violence. On October 18, 2010, defendant entered a plea of guilty to felonious assault. Pursuant to the plea agreement, the other two offenses were dismissed. At the plea hearing, the State set forth its factual basis

for the plea. According to the facts set forth at the plea hearing, at approximately 2:00 a.m. on March 17, 2010, defendant's wife, Laurie Kresting–Saur ("Laurie"), called the police due to an argument with defendant. The police responded, but because there had been no actual violence at that time, the police did not arrest anyone and only arranged for appellant to leave the apartment. A short time later, appellant returned to the apartment and became violent. Appellant threw a cell phone at Laurie and hit her in the mouth. During a two-hour period of time, appellant struck Laurie repeatedly. He forced her to take a shower and tied her up on the bed to stop her from running away.

Laurie was eventually able to free herself, so she ran into the hallway. Defendant followed her and dragged her back into the apartment by her hair. A neighbor heard her screams in the hallway and called 911. Once she was inside the apartment again, appellant threw Laurie on the floor of the bedroom, sat on her chest, and held her down, covering her mouth and nose with his hand while choking her and stating he was going to kill her. When the police arrived they arrested defendant and took Laurie to Grant Hospital, where Laurie remained for several days due to the severity of her injuries.

At the plea hearing, the trial court engaged in a plea colloquy with defendant and accepted defendant's guilty plea. The court ordered a presentence investigation.

At the sentencing hearing, a victim witness assistant read a statement from Laurie into the record. Defense counsel presented the court with mitigating evidence, and defendant personally addressed the court. The trial court sentenced defendant to an eight year prison term, the maximum prison sentence possible for a second degree felony felonious assault charge, explaining "[t]hat woman took a hell of a beating that night. That's why you got the maximum sentence." (Nov. 29, 2010, Tr. 16.)

In his direct appeal, defendant, through counsel, raised two assignments of error. He argued that his sentence was contrary to law and that his trial counsel rendered ineffective assistance of counsel. Defendant asserted his sentence was contrary to law for the following reasons: (1) the trial court violated the conservation of resources principle set forth in R.C. 2929.13(A), (2) the trial court erred in making a factual finding that the offense at issue was "the worst form of the offense" following the Supreme Court of Ohio's severance of the sentencing statutes in *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, (3) the sentence violated principles

2

of consistency and proportionality, (4) the trial court failed to properly consider or weigh the factors in R.C. 2929.12 and put too much emphasis on the victim's injuries, and (5) the trial court abused its discretion in failing to waive the costs in the action. Defendant alleged his trial counsel was ineffective in failing to object to the court's sentence on the various grounds outlined above. In a decision rendered on December 22, 2011, this court overruled defendant's assignments of error and affirmed the judgment of the Franklin County Court of Common Pleas.

On January 25, 2012, defendant filed a handwritten document with this court, consisting of an affidavit and a memorandum in support. Defendant averred that the statements in the affidavit were made "in support of [defendant's] application to reopen in Accordance with Appellate Rule 26(B)." On February 1, 2013, this court issued a judgment entry construing defendant's January 25, 2012 filing as an App.R. 26(B) motion and ordering the clerk to note the docket accordingly.FN1 On February 7, 2013, the State filed a motion for leave to file a memorandum opposing defendant's application, which we granted.

FN1. This court's journal entry mistakenly referred to defendant's January 25, 2012 filing as being filed on January 25, 2013.

*State v. Saur*, No. 10AP-1195, 2013 WL 1788572, at *1-2 (Ohio App. 10th Dist. April 25, 2013).

On April 13, 2013, the appellate court denied petitioner's Rule 26(B) application. *Id.* There is no indication in the record before this court that petitioner filed an appeal from the decision. The full history of the Court of Appeal's April 25, 2013 decision on WestLaw[®] does not include an appeal of the that decision to the Supreme Court of Ohio.

He did, however, pursue post conviction relief. On May 9, 2011, petitioner filed a motion to vacate sentence. He asserted he was denied effective assistance of counsel because his attorney failed to investigate, file a motion to suppress conflicting statements, and failed to obtain expert psychological assistance in preparation for trial. *See Exhibit 15 to Return of Writ.* Petitioner also filed, on August 25, 2011, a motion to vacate his guilty plea. He asserted therein that his plea was not voluntary and violated due process. *See Exhibit 17 to Return of Writ.* On

3

November 10, 2011, the trial court denied that motion.  Petitioner filed a timely appeal, asserting that he was denied effective assistance of counsel and that his plea was not voluntary.  *See Exhibit 21 to Return of Writ*.  On May 15, 2012, the state appellate court denied petitioner's post conviction appeal as bared under the doctrine of *res judicata*.  *Exhibit 23 to Return of Writ*.  Petitioner did not file an appeal.

On July 10, 2012, petitioner filed a motion to void sentence.  He asserted that his sentence violated Senate Bill 86 and *State v. Foster*, 109 Ohio St.3d 1 (2006).  On August 8, 2012, the trial court denied petitioner's motion.  It does not appear that petitioner filed an appeal.

Petitioner did file a prior petition for a writ of habeas corpus in this Court.  *See Sauer v. Warden, Chillicothe Correctional Institution,* Case No. 2:12-cv-895 (S.D. Ohio May 23, 2013), *Exhibit 35 to Return of Writ*.  That action, however, was dismissed without prejudice for failure to prosecute. This action, therefore, does not constitute a successive habeas corpus petition subject to authorization for filing by the United States Court of Appeals for the Sixth Circuit.

On September 13, 2013, petitioner filed this, his second, petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He asserts that his guilty plea was not knowing, intelligent or voluntary because no one explained to him the difference between felonious assault and aggravated assault with provocation.  Had he known the difference, petitioner alleges, he would have insisted on a trial.  *Petition*, Doc. No. 1, PageID #5.   He additionally asserts that his sentence violates the Eight Amendment, constituting cruel and unusual punishment because the trial court imposed the maximum sentence and he has no history of felony convictions and the trial court failed to consider mitigating factors.  Petitioner argues that the trial court should have imposed the minimum available sentence.  PageID #7.  It is the position of the Respondent that petitioner's claims are procedurally defaulted or without merit.

4

**Claim One**

Respondent contends that claim one, in which petitioner asserts his guilty plea was not knowing, intelligent and voluntary, fails to present an issue appropriate for federal habeas corpus review, because it presents a claim solely regarding the alleged violation of Ohio Criminal Rules. *Return of Writ,* Doc. No. 5, PageID# 61.  This argument fails because petitioner necessarily also asserted a federal claim on that same basis.  Additionally, liberally construing the claims, as the court is required to do, *see Haines v. Kerner*, 404 U.S. 519 (1972), petitioner asserts that he was denied effective assistance because his attorney failed to advise him of the differences between felonious assault and aggravated assault without provocation.  Accordingly, the magistrate judge now turns to respondent's argument that Claim One (his guilty plea was involuntary because no one explained to him the elements of felonious assault versus aggravated assault, *i.e.,* provocation) is procedurally barred from consideration in federal habeas corpus because Saur did not appeal the Ohio Court of Appeal's April 25, 2013 decision denying his Rule 26(B) motion to reopen his appeal to the Supreme Court of Ohio.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459

U.S. 4,  (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a reviewing court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a petitioner did not comply with a state procedural rule and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for her not to follow the procedural rule and that she was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Nevertheless, " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.' " *Murray,* 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107 (1892)).

6

Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner asserts his guilty plea was not knowing, intelligent or voluntary. To the extent this claim relies on evidence that is readily apparent from the face of the record, the claim properly would be raised on direct appeal. While petitioner presented this claim in his appeal to the Ohio Supreme Court, s*ee Exhibit 21 to Return of Writ*, he failed to raise this same issue in the appellate court below. *See State v. Sauer*, No. 2011 WL 6826851, at *11 (Ohio App. 10th Dist. Dec. 22, 2011). The Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *See State v. Williams*, 51 Ohio St.2d 112, 117–118, 364 N.E.2d 1364 (1977) ("It is an established rule of long standing in this state that a criminal constitutional question cannot be raised in the Supreme Court unless it is presented and urged in the court below."); *see also State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971) ("the Supreme Court will not consider or determine claimed errors which were not raised and preserved in the Court of Appeals").

Further, petitioner may now no longer present his on-the-record claim regarding the involuntary nature of his guilty plea to the state courts because under Ohio's doctrine of *res judicata* the decision denying his direct appeal is final and bars him from belatedly raising any claim that could have been raised in that direct appeal. *See State v. Cole*, 2 Ohio St.3d (1982);

*State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).  Ohio's *res judicata* rule is an adequate and independent state ground under the third part of the *Maupin* test and, thus, forecloses federal habeas corpus review. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); NAACP v. Alabama ex rel. Flowers, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e., the Perry* rule, is an adequate ground for denying federal habeas relief.  *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of res judicata, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine *of res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law.

8

Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner may obtain review of his claim, if he establishes cause for his procedural default, and prejudice.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir.2003). Petitioner's *pro se* status or "ignorance of the law and procedural requirements for filing a[n] ... appeal is insufficient to establish cause to excuse his procedural default." *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995).

The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as the claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray v. Carrier,* 477 U.S. 478, 488–89 (1986)). Such are the circumstances here.

Petitioner asserted, in Rule 26(B) proceedings, that he was denied effective assistance of appellate counsel because his attorney failed to assert on direct appeal, a claim that his guilty plea was not knowing, intelligent or voluntary. *See State v. Saur*, 13 WL 1788572.  The state appellate court, however, rejected the claim as without merit:

> Defendant's application alleging his appellate counsel was ineffective lacks clear assignments of error. Defendant's affidavit contains the following averments:
>
> [1.] My appellate counsel was ineffective for failing to properly research and argue on appeal: I was denied due process by the trial

court by not being properly addressed personally. I was never told the nature or elements of my charge.

[2.] I was substantially prejudiced because these errors were not raised and could have resulted in receiving a new trial and could have been brought to light and supported.

[3.] Appellates [sic] counsel failure to raise these facts on appeal constitutes ineffective assistance of counsel.

[4.] Appellates [sic] counsel failure to recognize ineffective assistance of trial counsel constitutes ineffective [sic] of counsel.

Based upon our reading of defendant's application, he appears to assert that his appellate counsel was ineffective by failing to raise the following assignments of error on appeal: (1) defendant's guilty plea was involuntary because the trial court did not ascertain during the plea colloquy whether defendant understood the nature of the charge, and (2) defendant's trial counsel was ineffective in failing to inform defendant about the inferior offense of aggravated assault.

\*\*\*

Defendant asserts that he did not knowingly enter his guilty plea because he "did not possess a full understanding of the law in relation to the facts." (Application to Reopen, 1.) Defendant claims the trial court, in violation of Crim.R. 11(C)(2)(a), did not address him "personally to determine that the defendant [was] making the plea voluntarily and knowingly with an understanding of the nature of the charges and the maximum penalty involved." (Application to Reopen, 4.)

The record does not support defendant's contentions. Pursuant to Crim.R. 11(C)(2), a court may not accept a guilty plea in a felony case without first addressing the defendant personally and doing the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that

the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

"The mandate that the defendant must be informed of the nature of the charges is a non-constitutional right." *State v. Smith*, 10th Dist. No. 10AP–143, 2010–Ohio–4744, ¶ 14. For the non-constitutional rights in Crim.R. 11, the trial court must substantially comply with the mandates of Crim.R. 11. Id., citing State v. Nero, 56 Ohio St.3d 106, 108 (1990). " 'Substantial compliance' means that, under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id., quoting *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio5200, ¶ 15, citing Nero at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply with Crim.R. 11(C)(2)(a) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. Id.

Here, defendant asserts the trial court erred in accepting his plea without addressing him personally to determine if he understood the nature of the charges and the maximum penalty involved. "However, Crim.R. 11(C)(2)(a) does not require a trial court to provide a detailed explanation of the elements of the charges against a defendant." Smith at ¶ 16, citing State v.. Fitzpatrick, 102 Ohio St.3d 331, 2004–Ohio3167, ¶ 56–57, citing Henderson v. Morgan, 426 U.S. 637 (1976). As a general rule, this court has determined that a guilty plea is made with an understanding of the nature of the charges when: (1) a defendant is addressed in court and informs the court that he understands what he is pleading guilty to, (2) his signed guilty plea states that he has reviewed the law and the facts with his counsel, and (3) counsel advises the court that he has reviewed the facts and the law with his client and that his client has read the plea form. State v. Dingess, 10th Dist. No. 02AP–150, 2002–Ohio–6450, ¶ 45 (finding the defendant's "guilty pleas were knowingly, voluntarily and intelligently made" where the defendant "signed the plea forms, and his counsel informed the trial court that counsel fulfilled his obligations of representing appellant pursuant to the guilty plea forms").

The transcript of the plea hearing demonstrates that the trial court engaged in a proper Crim.R. 11 plea colloquy with defendant. At the beginning of the hearing, the State noted that defendant was changing his plea from not guilty to "guilty to Count 1 of the indictment, Felonious Assault, a felony of the second degree, in violation of Revised Code Section 2903.11. The maximum prison term is eight years." (Oct. 18, 2010, Tr. 2.) Defendant stated he understood that he was pleading guilty to felonious assault, and that in exchange for his plea the State would nolle prosequi the kidnapping and domestic violence charges. The court informed defendant that "the maximum penalty" for second degree felony felonious assault was "eight years in the penitentiary and a fine not to exceed $15,000." (Oct. 18, 2010, Tr. 4.) Accordingly, the court properly instructed defendant regarding the maximum penalty.

The court further noted it had before it defendant's signed guilty plea form. The court asked defendant "Did you go over the document with [your attorney] Mr. Hunt before you signed it?" (Oct. 18, 2010, Tr. 3.) Defendant responded "Yes, sir." (Oct. 18, 2010, Tr. 3.) After reviewing with defendant the various sanctions which might accompany his plea, including the mandatory term of post-release control, and reviewing the constitutional rights listed in Crim.R. 11(C)(2)(c), the court inquired:

The Court: Mr. Hunt, you've had an opportunity to review the form with your client. Do you feel he is knowingly, intelligently, and voluntarily proceeding?

Mr. Hunt: Absolutely.

The Court: Do you feel this plea arrangement's in his best interest?

Mr. Hunt: Yes, Your Honor.

The Court: Have you discharged your duties pursuant to the Ohio Criminal Rules in representing you client?

Mr. Hunt: I have, Your Honor.

The Court: Are you satisfied with his representation?

The Defendant: Yes, sir.
The Court: Has he answered all your questions?

The Defendant: Yes, sir.

The Court: Done you a good job?

The Defendant: Excellent.

(Oct. 18, 2010, Tr. 11.)

The court accepted defendant's guilty plea, noting:

The Court: I'll find the Defendant knowingly, intelligently entered a plea with a full understanding of the various consequences, including the maximum penalty.

I'll further find Mr. Saur and I had a discussion on the record. I was very pleased. He was very attentive. He appeared to understand his rights and knowingly and voluntarily gave them up.

Is that correct, Mr. Saur?

The Defendant: That's correct, sir.

(Oct. 18, 2010, Tr. 14.)

Based on the foregoing, it is apparent the trial court substantially complied with Crim.R. 11(C)(2). Although the court did not specifically ask defendant if he understood the nature of the offense, defendant informed the court that he understood he was pleading guilty to felonious assault, defendant's signed guilty plea form stated that defendant had reviewed the facts and law of his case with his attorney, and defendant's attorney informed the court that he had reviewed the plea form with defendant and that he had discharged his duties pursuant to the Ohio Criminal Rules. Accordingly, defendant's appellate counsel was not deficient in failing to raise an assignment of error based on the trial court's failure to inform defendant of the nature of the offense, as defendant has failed to establish a reasonable probability of success on such a claim. See also Smith at ¶ 17 (finding where "the written plea was signed by appellant and his attorney and indicated that appellant had reviewed the facts and law of his case with his counsel," that statement in the plea form "combined with appellant's answers to the court's questions and the recitations at the plea hearing establishe[d] that appellant understood the nature of the attempted felonious assault offense").

The record reveals that the trial court properly advised defendant pursuant to Crim.R. 11 at the sentencing hearing. Accordingly,

13

> defendant has not presented a colorable claim of ineffective assistance of appellate counsel regarding the trial court's failure to advise defendant of the nature of the charges against him pursuant to Crim.R. 11(C)(2)(a).

*State v. Saur*, 2013 WL 1788572, at *3-5.[1]

Under 28 U.S.C. § 2254(e)(1), the state court's factual findings are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the state court's decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1]  Although the state appellate court addressed petitioner's claim in terms of the alleged violation of state law only, that claim is so closely intertwined with federal law, that this Court concludes that petitioner raised both state and federal claims of ineffective assistance of appellate counsel herein.

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*., at 411, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. Rather, that application must be "objectively unreasonable." *Id* ., at 409, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) ( per curiam).

*Renico v. Lett,* —— U.S. ——, 130 S.Ct. 1855,1862 (2010) (footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of that law involves not just an erroneous or incorrect decision, but an objectively unreasonable one. Renico v. Lett, 559 U.S. ——, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith*, 131 S.Ct. 10(Mem), 2010 WL 752363, at *2 (Nov. 1, 2010).  Petitioner has failed to meet this standard here.

Nearly forty years ago, the United States Supreme Court reiterated that the right to counsel guaranteed by the Sixth Amendment to the U.S. Constitution is the "right to effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a complaint of ineffective assistance of counsel, a defendant must meet the now-familiar twoprong *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. The Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Put plainly, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id.* Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 692. Rather, a defendant must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel. *Id*. at 693. To do so, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a defendant must satisfy both prongs of the Strickland test to demonstrate ineffective assistance of counsel, should the court determine that she has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The ineffective assistance of counsel applies to appellate counsel. "In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano,* 228 F.3d 674 (6th Cir.2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161–62 (6th Cir. 1994). Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins,* 356

16

F.3d 688, 699 (6th Cir.2004), citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell,* 209 F.3d 854, 880 (6th Cir. 2000) (citing *Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

For the reasons already detailed in the decision of the state appellate court, petitioner cannot establish the two-prong test of *Strickland* in regard to his attorney's failure to raise on appeal a claim that petitioner's guilty plea was not knowing, intelligent or voluntary.

Petitioner also asserts that he was denied effective assistance of counsel during plea negotiations, because his attorney failed to advise him of the difference between the crime of felonious assault and aggravated assault with provocation.  If he had, petitioner asserts, he would not have pleaded guilty, but would have proceeded to trial.  This claim relies on off-the-record evidence and therefore properly is raised in post conviction proceedings.  Petitioner presented a claim of ineffective of counsel during plea negotiations, and he argued that his guilty plea was not knowing, intelligent and voluntary as a result in state court collateral proceedings; however, he failed to preserve the claim, because he never presented it to the Ohio Supreme Court.

In his May 19, 2011, motion to vacate or set aside judgment, although petitioner raised a claim of ineffective assistance of counsel, he did not raise an issue regarding his attorney's failure to advise him of the elements of the offense charged or on the lesser offense of aggravated assault with provocation.  *Exhibit 15 to Return of Writ.*  In his August 25, 2011, motion to vacate his guilty plea, petitioner did raise such a claim.  *See Exhibit 23 to Return of*

*Writ*, PageID#273-74.   Further, he filed an appeal of the trial court's decision denying this motion.   In that appeal he again specifically raised a claim of ineffective assistance of trial counsel based on his attorney's failure properly to advise him during plea negotiations.   *See Exhibit 21 to Return of Writ*, PageID#234-235; 249-252.   The state appellate court denied this claim as barred under Ohio's doctrine of *res judicata*, reasoning that petitioner could have, but did not, raise the claim on direct appeal.  See *Exhibit 23 to Return of Writ*.   Petitioner did not file an appeal.

It is difficult to ascertain how petitioner could have obtained review of his off-the-record claim of ineffective assistance of trial counsel – based on his attorney's failure properly to advise him during the plea negotiations – on direct appeal.   This claim necessarily relies on facts that are not readily apparent from the face of the record.   The state appellate court, in rejecting petitioner's Rule 26(B) application, appears to have agreed:

> Defendant's main contention that his trial counsel was ineffective in failing to inform defendant of the elements of aggravated assault would require evidence of conversations between defendant and his counsel from outside the record.  "When allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for post-conviction relief rather than a direct appeal." *State v. Davis,* 10th Dist. No. 05AP– 193, 2006–Ohio–193, ¶ 19.

*State v. Saur*, 2013 WL 1788572, at *7.   While the plea colloquy and/or sentencing transcript may shed light on whether petitioner's sets forth a credible allegation of this claim, the claim also requires information regarding the nature of the advice provided by defense counsel.   Thus, this Court cannot reconcile the state appellate court's holding that the claim was barred by *res judicata* with Ohio's law regarding the issue.

Even so, petitioner's off-the-record claim that he was denied effective assistance of counsel during plea negotiations and that his plea was involuntary as a result is waived because

he failed to appeal the state appellate court's denial of his motion to vacate guilty plea to the Ohio Supreme Court.  He may now no longer do so, as the Ohio Supreme Court does not accept delayed appeals in post conviction proceedings.  Ohio S.Ct. Prac. Rule 7.01(A)(4)(c). Moreover, this is an adequate and independent ground, under the *Maupin* test, on which to foreclose federal habeas corpus relief.  *See Nesser v. Wolfe,* 370 Fed. Appx. 665 (unpublished), 2010 WL 1141006, at *4 (6th Cir. March 25, 2010).

Petitioner therefore has waived his claim of ineffective assistance of trial counsel during plea negotiations, as well as his claim that his guilty plea was not knowing, intelligent or voluntary as a result.

**Claim Two**

In claim two, petitioner asserts that his sentence is "contrary to law," and violates the Eighth Amendment.  petitioner has waived this latter claim for review because he did not present the same federal issue to the Ohio courts.

In order to satisfy the habeas corpus exhaustion requirement, a petitioner must fairly present the substance of each constitutional claim to the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Although the fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v. Peoples,* 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the state's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment. In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the

claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir.2000). However, general allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.*

Petitioner did not raise a claim that his sentence constituted cruel and unusual punishment in the state appellate court, and again, he may now no longer do so under Ohio's doctrine of *res judicata*. He has failed to establish cause for this failure. Consequently, this claim likewise is waived.

As to petitioner's final claim that the trial court improperly imposed a maximum term of incarceration, this claim, too, fails, as it does not present any federal issue appropriate for federal habeas corpus relief.

Issues of state law fail to warrant federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). It is only where an error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge
